UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNIVERSITY OF MIAMI,

            Plaintiff,

v.

CARP TANNING, INC. D/B/A
BOCA TANNING CLUB OF
CORAL GABLES,

            Defendant.
_____/

Civil Action No.

## COMPLAINT

Plaintiff, University of Miami (the "University") by its undersigned attorneys, for its complaint against Defendant, Carp Tanning, Inc. d/b/a Boca Tanning Club of Coral Gables ("BTC" and "Defendant"), alleges as follows:

### NATURE OF THE ACTION

1. The University brings this action against BTC for trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a).

### PARTIES AND JURISDICTION

2. Plaintiff, University, is a not-for-profit corporation with its principal place of business at 1320 S. Dixie Highway, Suite 1200, Coral Gables, Florida 33146. The University is a private educational and research institution recognized throughout the world.

3. Upon information and belief, Defendant, BTC, is a Florida corporation with its principal place of business at 5600 Sunset Drive, South Miami, Florida 33143. BTC is a tanning salon in South Miami.

4. This Court has original jurisdiction over the claims arising under the Lanham Act

-1-

pursuant to 28 U.S.C. §§1331, 1338 and 15 U.S.C. § 1121.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

6. This Court has personal jurisdiction over Defendant because BTC is located in and committed tortious acts in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

7. The University is the owner of numerous trademark registrations, including incontestable registrations for the split "U" design mark, which bear U.S. Registration Nos. 1,752,939 and 3,564,647 ("Split 'U'"). Copies of the Registration Certificates are attached as composite Exhibit A.

8. The University began using the Split "U" in 1972 and the mark was registered in 1993.

9. The Split "U" design consists of the letter "U" with half in orange and half in green:



10. The University uses the Split "U" design on almost all of its materials, including its marketing materials, letterhead, website and athletics uniforms.

11. Accordingly, the Split "U" is very closely associated in the public's mind with the University.

12. In addition, the University has common law rights in its name and marks, as well as its orange and green color scheme.

-2-

13.     BTC, without authorization or consent, is using the University's Split "U" and orange and green color scheme in the sign for its tanning salon.

14.     BTC is located on Sunset Drive in South Miami, Florida, only minutes away from the University.

15.     Specifically, the "U" in the sign for "Boca Tanning Club" is the University's Split "U." A copy of a photograph of BTC's sign is attached hereto as Exhibit B.

16.     BTC's sign also incorporates the University's orange and green color scheme.

17.     The University sent two letters to BTC, on December 10, 2013 and August 15, 2014, demanding that it cease using the Split "U" and the orange and green color scheme. Both letters were ignored.

18.     BTC's use of the Split "U" and orange and green color scheme to advertise its tanning salon constitutes trademark infringement.

19.     Further, BTC's unauthorized and unlicensed use of Split "U" and orange and green color scheme have caused dilution of the University's registered trademark.

20.     As a result of BTC's actions, Plaintiff has been damaged in an amount to be determined at trial.

21.     The unlawful activities of BTC have resulted in and will continue to cause irreparable harm and injury to Plaintiff. Among other harms, these acts confuse consumers into believing that the University endorses BTC and/or that the University and BTC are affiliated, which is patently false. The potential for confusion and resulting harm is particularly clear in this case where the infringing activities are occurring literally around the corner from the University's main campus. Anyone viewing BTC's sign will assume that BTC is in some manner affiliated with, approved by or participating as a sponsor of the University when, in fact, there is no such

relationship.

22. Upon information and belief, all of the misconduct complained of herein was knowing, intentional, willful and committed with knowledge of and in blatant disregard of the University's rights.

## COUNT I – TRADEMARK INFRINGEMENT

23. Plaintiff repeats and reincorporates the allegations contained in Paragraphs 1 through 22 as if fully set forth herein.

24. BTC's actions constitute unlawful trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a).

25. The Split "U" mark is an incontestable registered trademark owned by the University.

26. The orange and green color scheme is a protectable, unregistered mark as it has achieved secondary meaning and is non-functional.

27. BTC is using the University's Split "U" and orange and green color scheme to advertise its tanning salon.

28. BTC's unauthorized use of the Split "U" and orange and green color scheme in commerce has created and will continue to create a likelihood of confusion by leading consumers to believe that the University endorses BTC and/or that the University and BTC are affiliated.

29. As a result, the University has suffered damages in an amount to be determined at trial.

30. Further, these unlawful activities of Defendant have resulted in and will continue to result in irreparable harm and injury to the University.

WHEREFORE, Plaintiff, University, requests entry of judgment against BTC, an award of

damages, attorneys' fees and costs, permanent injunctive relief, and such other relief as this Court deems appropriate.

## COUNT II – TRADEMARK DILUTION

31. Plaintiff repeats and reincorporates the allegations contained in Paragraphs 1 through 22 as if fully set forth herein.

32. BTC's actions constitute unlawful trademark dilution in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

33. The University's marks, including the Split "U" and orange and green color scheme, are "famous marks" within the meaning of the Lanham Act and were famous prior to BTC's conduct as alleged herein.

34. BTC's use of the University's Split "U" and orange and green color scheme for commercial advertising purposes dilutes the distinctive quality of the marks, and was done with the willful intent to trade on the University's reputation.

35. BTC's unauthorized use of the University's marks in connection with its tanning salon was done with notice and full knowledge that such use was not authorized or licensed by the University.

36. BCF's acts are in knowing and willful violation of the University's rights under section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

37. As a result, the University has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff, University, requests entry of judgment against BTC, an award of

damages, attorneys' fees and costs, permanent injunctive relief, and such other relief as this Court deems appropriate.

Dated: 9/19/14

Respectfully submitted,

*[signature: Carolina Latour]*

Eric D. Isicoff
Fla. Bar No. 372201
Isicoff@irlaw.com
Carolina A. Latour
Florida Bar No. 32412
Latour@irlaw.com

ISICOFF, RAGATZ & KOENIGSBERG
1200 Brickell Avenue
Suite 1900
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233
*Attorneys for Plaintiff, University of Miami*

-6-

ISICOFF, RAGATZ & KOENIGSBERG, 1200 Brickell Avenue, Suite 1900, Miami, Florida 33131 Tel: 305.373.3232, Fax: 305.373.3233